

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80931-CIV-COHN/SELTZER

BERNICE KRAMER, on behalf of herself
and all others similarly situated,

        Plaintiff,

v.

MRT, LLC, JAMES R. CLEMENTS,
ZEINA O. SMIDI, and SAMI
NABIL SMIDI,

        Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS, AND DIRECTING RESPONSE FROM PLAINTIFF REGARDING SERVICE OF PROCESS

**THIS CAUSE** is before the Court upon a Motion filed by Defendants MRT and James R. Clements, titled Motion to Dismiss and Motion for More Definite Statement, Motion for Clarification, and Renewed Motion to Quash As Well As Alternatively Answer and Affirmative Defenses If Denied [DE 36]. The Court has reviewed the Motion, Plaintiff's Response [DE 37], and the record, and is otherwise duly advised in the premises.

In this Motion, Defendants MRT and Clements raise a wide variety of issues, largely in the format of a single paragraph per issue with no analysis whatsoever and only boilerplate citations to legal authority. The vast majority of arguments in this "Motion" appear to, instead, be assertions of affirmative defenses, which are not a proper basis for dismissal of a Complaint. In paragraphs three through seven, Defendants assert that the Plaintiff has not alleged the "required allegations" in each

count of the Complaint, but provides no explanation or comprehensible legal basis for these assertions. Furthermore, Defendants make frequent reference to Plaintiff's failure to "establish" certain facts, which is certainly not required at the pleading stage. In short, in considering the arguments presented by Defendants, the Court discerns no legitimate basis for dismissal of this Complaint for failure to state a claim upon which relief may be granted, and the Court declines to *sua sponte* inquire into the legal sufficiency of the Complaint under the proper legal standards.

Likewise, in their "Motion for More Definite Statement," Defendants simply request in generalized terms that the Plaintiff be required to amend the Complaint, with no explanation whatsoever as to what lack of specificity makes it impossible for Defendants to respond. Upon review of the Complaint, the Court sees no apparent vagueness or lack of specificity that would support granting such a motion. This request, accordingly, will be denied.

Defendants do, however, raise two arguments that require a substantive response from the Plaintiff: first, that Defendant Clements was not properly served with process, and second, that MRT Holdings LLC, and not MRT LLC, is the proper party in this suit.

As to the service of process issue, the Court notes from the Return of Service filed as to Defendant Clements [DE 5] that service was completed by serving the store owner where Mr. Clements kept a mailbox. Plaintiff has provided no legal authority to support her assertion that this method of service is proper. Defendant Clements' objection to the method of service was preserved in his initial Motion to Quash, and must be addressed by this Court. Thus, Plaintiff must submit some legal authority to

support her assertion that service of process has been properly completed as to Defendant Clements.

As to the argument that MRT Holdings LLC is the proper party in this action, the Court notes that Defendants do not explain this concept further. The Court reasons that either 1) there are two companies, one named MRT LLC and another named MRT Holdings LLC, and that the incorrect one has been sued here; or 2) that Plaintiff has sued the correct company, but simply misnamed the Defendant in the Complaint as "MRT LLC" rather than "MRT Holdings." In the case of the first possibility, Defendants would presumably have ventured forth some argument for why the Complaint fails to state a claim against MRT LLC. No such argument was made. Thus, the Court concludes that the second possibility is the more likely one, that there is only one "MRT" and that Plaintiffs have simply failed to include its full name in the Complaint. Thus, the Court requests that Plaintiff provide additional explanation or documentation establishing that MRT LLC is the appropriate party to this action, or to make a Motion to correct the party's name in the record if necessary. Defendant MRT has not objected to service of process, however, and such an objection has now been waived, so this action will proceed against Defendant MRT.

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants MRT LLC's and Clements' Motion to Dismiss [DE 36] is **DENIED** as to all arguments asserted other than service of process.

2. The Court construes Defendants' Renewed Motion to Quash [DE 36] as a

      Motion to Dismiss for insufficient service of process, and takes such motion **UNDER ADVISEMENT** pending receipt of the response from Plaintiff, as directed in this Order.

3. Defendants' Motion For More Definite Statement [DE 36] is **DENIED**.

4. Plaintiff is directed to file a response with the Court, addressing the issues identified above, on or before **March 31, 2008**.

5. To the extent that Defendants contemplate that their Motion be construed as their Answer and Affirmative Defenses in the event that the requests for dismissal are denied, that request will be **DENIED**.[1] Defendant MRT is directed to file an Answer within ten (10) days of the issuance of this Order, pursuant to Fed. R. Civ. P. 12(a).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 13th day of March, 2008.

                                              JAMES I. COHN
                                              United States District Judge

Copies provided to:

Counsel of record

---

[1] As the Court has not yet ruled on the service of process issue raised in this Motion, Defendant Clements need not file a responsive pleading at this time. However, once the Court does rule upon the service of process issue, Defendant Clements will be ordered to file a responsive pleading that complies with the applicable Federal Rules of Civil Procedure and Local Rules of the Southern District of Florida within five (5) days of the issuance of that Order. No additional extensions of time will be granted.