

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80931-CIV-COHN/SELTZER

BERNICE KRAMER, on behalf
of herself and all others similarly
situated,

      Plaintiff,

v.

MRT, LLC; JAMES R. CLEMENTS;
ZEINA OM SMIDI, and SAMI NABIL
SMIDI,

      Defendants.
_____/

## ORDER FINDING INSUFFICIENT SERVICE, AND DIRECTING PLAINTIFF TO PROPERLY EFFECTUATE SERVICE OF PROCESS ON DEFENDANT CLEMENTS

**THIS CAUSE** is before the Court upon Plaintiff's Response to the Court's March 13, 2008 Order Directing a Response from Plaintiff Regarding Service of Process [DE 56]. The Court has considered the Defendant's arguments raised in the original Motion to Quash [DE 14], Plaintiff's Response [DE 56], the applicable legal authority, and the record, and is otherwise fully advised in the premises.

In the Order issued on March 13, 2008, the Court directed Plaintiff to submit legal authority in support of her assertion that service of process was properly effectuated as to Defendant Clements. In response, Plaintiff provides a copy of the Return of Service. She also appears to argue that Clements somehow conceded proper service of process by requesting and receiving several extensions of time to respond to the Complaint, and that service was proper because Clements held out the address at which he was arguably served as the business address for his company. As

the Court explains below, neither of these legal arguments is availing.

I.  **Method of Service of Process**

According to the Return of Service submitted by Plaintiff, the process server attempted to serve process on Mr. Clements by serving Ira Jacobson, the store owner of a mailbox store, which was apparently the second address provided in the Summons.[1]  No additional information has been provided by Plaintiff as to the circumstances surrounding service.

Federal Rule of Civil Procedure 4(e) provides the method by which an individual may be properly served with process.  The rule specifies that an individual may be served by (1) following state law in the state where the district court is located or where service is made, (2) personally serving the individual, (3) leaving a copy of the process at the individual's usual place of abode with someone of suitable age and discretion who resides there, or (4) delivering a copy of the process to an agent authorized to receive service of process. Fed. R. Civ. P. 4(e) (2008).  It is clear from the record that Mr. Clements was not personally served, nor was process left at his usual place of abode.  Plaintiff also provides no evidence that would indicate that the owner of the mailbox store was an agent authorized to receive service of process on Mr. Clements' behalf.  Thus, the Court assumes that Plaintiff attempted to effectuate service of process by following Florida state law.

Upon review of the applicable Florida statutory provisions, the Court concludes

---

[1] In the Comments section of the Return of Service, the process server specifies that Clements was "served at the 2nd address: 7744 Peters Road, Plantation, FL 33324."

2

that the only relevant provision dealing with service upon an individual by serving a mailbox store owner is subsection (6) of Fla. Stat. §48.031 (2007). This subsection provides: "If the only address for a person to be served, which is discoverable through public records, is a private mailbox, substitute service may be made by leaving a copy of the process with the person in charge of the private mailbox, but only if the process server determines that the person to be served maintains a mailbox at that location." Id. Thus, it is certainly possible to properly effectuate service of process on an individual by serving the owner of a mailbox store, but certain conditions must be met. Specifically, Plaintiff must show (1) that the only address discoverable through public records for the individual is a private mailbox and (2) that the process server properly determined that the individual maintains a mailbox at that location prior to serving the person in charge. Plaintiff has not shown that either of these requirements was fulfilled. In fact, the presence of two possible addresses on the Summons for Clements indicates that the mailbox store could not have been the only address discoverable for him. Accordingly, the Court must conclude that service of process was not properly effectuated as to Defendant Clements.

II.     **Waiver**

In her Response, Plaintiff appears to argue that Clements somehow waived his objections to service of process by requesting and receiving several extensions of time within which to file a response to the Complaint. Plaintiff seems to infer from Judge Middlebrooks' December 12, 2007 Order [DE 23] that an extension of time was granted on the condition that Clements conceded proper service of process . This Court reads no such condition in Judge Middlebrooks' Order. The Order simply attempted to

construe the relief requested by Defendant Clements, noted that the record contained insufficient information to determine whether or not proper service had occurred, and granted Clements an extension of time within which to respond to the Complaint. An additional extension of time was granted on January 8, 2008 [DE 33]. Defendant Clements' Motion to Dismiss, which again raised the service of process issue, was timely filed on January 14, 2008 [DE 36].

Pursuant to the Federal Rules of Civil Procedure, insufficient service of process is among those defenses that must be asserted by motion before filing a responsive pleading. Fed. R. Civ. P. 12(b) (2008). Thus, if a defendant wishes to challenge service of process, it must do so by filing a motion pursuant to Fed. R. Civ. P. 12 prior to filing its Answer to the Complaint. If such a motion is filed, the deadline for service of an Answer is stayed until ten days after notice of the court's ruling on the motion. Fed. R. Civ. P. 12(a)(4). Accordingly, if Defendant Clements had filed a Motion to Dismiss pursuant to Rule 12 or an Answer to the Complaint without raising the service of process argument, that argument would have been waived. Fed. R. Civ. P. 12(h)(1). However, the fact that Clements received several extensions of time within which to file his response to the Complaint does not mean that he has waived this defense, because a motion for extension of time is not a Rule 12 Motion or an Answer. Nothing in Clements' filings or Judge Middlebrooks' rulings indicates that Clements was conceding proper service of process. In fact, on the same day that Clements filed his first Motion for Extension of Time to Answer, he also filed a Motion to Quash Service, which while not the correct vehicle for raising this argument under the Federal Rules, clearly evidenced Clements' desire to challenge service of process. Any reliance on an

assumption that Clements had conceded proper service of process, therefore, was misplaced.

### III.  Conclusion

The Court, therefore, concludes that service of process was not properly effectuated as to Defendant Clements.  However, in light of the fact that there was some delay in resolving this issue, due to the various extensions of time that the Defendants received and the time required to brief and resolve the Motion to Dismiss, the Court is willing to grant Plaintiff some additional time to properly effectuate service of process or to request a waiver from Defendant Clements, pursuant to Fed. R. Civ. P. 4(d). Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss for insufficient service of process [DE 36] is **TAKEN UNDER ADVISEMENT**.

2. If Plaintiff wishes to request a waiver of service from Defendant Clements, pursuant to Fed. R. Civ. P. 4(d), such a waiver shall be mailed on or before Friday, April 4, 2008.  The time period within which Clements must respond to such a request is shortened to fifteen calendar days from receipt of the waiver request.  Furthermore, the time period within which Clements must file his Answer to the Complaint after waiver of service is shortened to ten (10) business days after the waiver is timely returned to Plaintiff.

3. In the event that Defendant Clements declines to waive service of

process, Plaintiff shall properly complete service of process, and file proof of such service, on or before **May 9, 2008**. Plaintiff's Motion for any expenses incurred in making service, as well as any reasonable expenses and attorney fees incurred the process of collecting such expenses, pursuant to Fed. R. Civ. P. 4(d)(2), shall be filed within five (5) business days of completion of service of process.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 1st day of April, 2008.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record