UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80931-CIV-COHN/SELTZER



BERNICE KRAMER, on behalf of herself
and all others similarly situated,

      Plaintiff,

v.

MRT, LLC, JAMES R. CLEMENTS,
ZEINA O. SMIDI, and SAMI
NABIL SMIDI,

      Defendants.
_____/

### ORDER DENYING DEFENDANTS SAMI SMIDI'S AND ZEINA SMIDI'S RESPECTIVE MOTIONS TO DISMISS

**THIS CAUSE** is before the Court upon identical Motions filed by Defendants Sami Smidi and Zeina Smidi, titled Motion to Dismiss and Motion for More Definite Statement, Motion for Clarification, and Renewed Motion to Quash As Well As Alternatively Answer and Affirmative Defenses If Denied [DE 59,60]. The Court has reviewed the Motions, and is otherwise duly advised in the premises.

These Motions appear to be virtually identical to the Motion filed by counsel on behalf of Defendants MRT and Clements, including even the same font, type-style, and typos. The only difference is that the Smidis' Motions include their names in place of James Clements' name in the original Motion. For example, in Sami Smidi's Motion, he asserts the same arguments regarding service of process as had been asserted on behalf of James Clements regarding improper substitute service, but the record clearly shows that Smidi was personally served with the Complaint [DE 29]. Thus, any

arguments regarding substitute service are wholly inapplicable to Sami Smidi and should not have been asserted.

The Court recognizes that the Smidis do not have counsel representing them at this time. However, they have been granted lengthy extensions of time for the purpose of allowing them to obtain counsel or to otherwise meaningfully respond to the Complaint. Furthermore, the Smidis have the same obligations as any litigant under Federal Rule of Civil Procedure 11, which provides as follows:

> By presenting to the court a pleading, written motion, or other paper–whether by signing, filing, submitting, or later advocating it–an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Violations of this rule may result in sanctions issued by the Court. Whether unrepresented or not, the Smidis may not simply repeat arguments asserted by counsel on behalf of other defendants if those arguments have no factual or legal basis, or applicability to them.

Considering each of the Smidis' respective Motions, the Court concludes that there appears to be no merit to them, even to the extent that the arguments contained therein are applicable to them. As the Court noted in denying this Motion the first time it appeared, on behalf of MRT and Clements, the vast majority of arguments in this "Motion" appear to, instead, be assertions of affirmative defenses, which are not a proper basis for dismissal of a Complaint. In paragraphs two through six, Defendants assert that the Plaintiff has not alleged the "required allegations" in each count of the Complaint, but provide no explanation or comprehensible legal basis for these assertions. Furthermore, Defendants make frequent reference to Plaintiff's failure to "establish" certain facts, which is certainly not required at the pleading stage. In short, in considering the arguments presented by Defendants, the Court discerns no legitimate basis for dismissal of this Complaint for failure to state a claim upon which relief may be granted, and the Court declines to *sua sponte* inquire into the legal sufficiency of the Complaint under the proper legal standards.

Likewise, in the "Motion for More Definite Statement" contained within each Motion, Defendants simply request in generalized terms that the Plaintiff be required to amend the Complaint, with no explanation whatsoever as to what lack of specificity makes it impossible for Defendants to respond. Upon review of the Complaint, the Court sees no apparent vagueness or lack of specificity that would support granting such a motion. This request, accordingly, will be denied.

As discussed above, the "Motion for Clarification as to Prior Court Order Concerning Motion to Quash Service" contained within each Motion is applicable only to the service of process issues regarding James Clements. There was no prior Order

issued that addressed service of process issues regarding the Smidis, and a review of the Returns of Service as to both Sami Smidi and Zeina Smidi indicate that service was proper. This request, therefore, will be denied.

Finally, like MRT and Clements, the Smidis attempt to include their Answer and Affirmative Defenses within their Motions as an alternative in the event that their Motions are denied. To the extent that the Smidis contemplate that their Motion be construed as their Answer and Affirmative Defenses in the event that the requests for dismissal are denied, that request will be denied. Defendant Sami and Zeina Smidi are each directed to file a separate Answer within ten (10) days after receiving notice of this Order, pursuant to Fed. R. Civ. P. 12(a).

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

(1)  Defendant Sami Smidi's Motion to Dismiss [DE 59] is **DENIED**.

(2)  Defendant Sami Smidi is directed to file an Answer within ten (10) days of receipt of this Order.

(3)  Defendant Zeina Smidi's Motion to Dismiss [DE 60] is **DENIED**.

(4)  Defendant Zeina Smidi is directed to file an Answer within ten (10) days of receipt of this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 2nd day of May, 2008.

JAMES I. COHN
United States District Judge

4

Copies provided to:

Counsel of record

Sami Smidi, *pro se*

Zeina Smidi, *pro se*